20162

The STATE, Respondent, v. Emanuel (Bobby) WRIGHT, Appellant.
(221 S. E. (2d) 870)

*Ernest B. Hinnant, Esq.,* of Florence, *for Appellant,*

*Messrs. Daniel R. McLeod, Atty. Gen.,* and *Brian P. Gibbes, Asst. Atty. Gen.,* of Columbia, *for Respondent,*

January 29, 1976.

LEWIS, Chief Justice:

Appellant has appealed, through appointed counsel, from his conviction and sentence of eighteen months for malicious damage to personal property in violation of Section 16-381 of the 1962 Code of Laws, as amended. The charges arose out of the infliction of damage to an automobile of an agent of the South Carolina Tax Commission.

Section 16-381 provides that the punishment for malicious injury to personal property shall be at the discretion of the court unless the injury or loss to the property is less than $50.00, in which latter event the offense is triable in magistrate's court.

At the trial, photographs were introduced showing injury to hte automobile and, in addition, three written estimates of the damage were allowed in evidence, over appellant's objection, without the testimony of the persons who made the estimates. Appellant now contends that the admission of the written estimates without the testimony of the persons making them was prejudicial and entitles him to a new trial.

The amount of the loss or injury to the property determined whether appellant would be tried in magistrate's court where the punishment could not exceed that permitted by law without presentment of a grand jury, or whether he would receive a sentence within the discretion of the court. The question of the amount of the injury to the property, and therefore the jurisdiction of the court to try the offense, was left solely for the jury to determine along with the other factual issues.

The sentence imposed by the court could only be sustained if the damage to the automobile amounted to $50.00 or more

and the State was required to prove such damage beyond a reasonable doubt. *State v. Collins,* 188 S. C. 338, 199 S. E. 303.

While the photographs of the automobile constituted some evidence of the damage, the State relied also upon the written estimates. These estimates were hearsay and, as much, inadmissible. The probability of prejudice from their admission is evident.

In vew of the clear probability of error; the judgment is reversed, without oral argument, and the cause remanded for a new trial.*

NESS, RHODES and GREGORY, JJ., concur.

LITTLEJOHN, J., dissents.

LITTLEJOHN, Justice (dissenting):

I respectfully dissent and would affirm the conviction in the lower court.

The indictment charged the defendant with inflicting unlawful damage to the automobile of John Scarborough in an amount of more than $50.00. It is true that the State was required to prove that the damages were more than $50.00. The State offered in evidence three written estimates by body shop repairmen, the smallest being $125.00 and the largest $165.00. I agree that the estimates should not have been admitted in evidence without the testimony of the estimators. At the same time, I do not think, under the facts of this case, that such prejudiced the rights of the defendant so as to entitle him to a new trial.

The defendant was not required to, and did not, present evidence to indicate that the damages were less than $50.00. It was his contention that he did not touch the car at all. Obviously, the jury did not believe his testimony.

Pictures of the damaged automobile were admitted in evidence. These indicate to me, beyond any question, that the

---

* This appeal was originally presented to the Court as an Anders brief.

damage was more than $50.00. There was testimony that the defendant struck the automobile twice on the top and that "it buckled the top" of the car.

After the judge indicated that the estimates would be admitted in evidence, he explained that, "the only purpose of these [estimates] is to show that the damage exceeded the sum of fifty dollars." Counsel for the defendant then conceded, "Yes, sir. I don't think there is any question about the damage." I interpret the comment of counsel to admit that there was no contention that the damages were less than $50.00. The pictures in evidence clearly show substantial damage to the top of the automobile. In this day of the inflated dollar, there can be no serious contention but that it would cost more than $50.00 to make the repairs.

I cannot say that the defendant did not receive a fair trial, and I would therefore affirm the lower court.